Joey (Joan) DeLeon, Esq. (SBN 150974)
Robert J. Jackson & Associates, Inc.
4199 Campus Drive, Suite 700
Irvine, California 92612-2698
(949) 854-2244

Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER RATLIFF<br><br>　　　　　　　　　　Debtor(s)<br>_____<br>U.S. BANK NATIONAL ASSOCIATION<br><br>　　　　　　　　　　Movant,<br><br>vs.<br><br>CHRISTOPHER RATLIFF, Debtor, and<br>MARTHA G. BRONITSKY, Trustee,<br><br>　　　　　　　　　　Respondents. | Chapter: 13<br><br>Case No.: OAK-10-44301-LT<br><br>RS No. JDL-202<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)<br><br>DATE: MAY 14, 2010<br>TIME: 11:00 AM<br>CTRM: 201<br>ADDR: 1300 Clay Street, Oakland, CA 94612<br>JUDGE: LESLIE J. TCHAIKOVSKY |

　　　　U.S. BANK NATIONAL ASSOCIATION ("Movant") requests an order of the court granting relief from the stay under 11 U.S.C. §362(a). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This motion is brought for cause under §362(d)(1).

　　　　Movant is the legal owner of real property commonly known as 392 WENTWORTH CT, BRENTWOOD, CA 94513 (the "Property"). Movant (or its predecessor in interest) acquired title to the Property at a foreclosure sale held on 02/08/2010, and perfected title to the Property in accordance with California law (a true and correct copy of the recorded Trustee's Deed Upon Sale is attached as **Exhibit "A"**). A Notice to Vacate was posted on the Property on 02/26/2010, and the notice periods under applicable law expired thereunder (a true and correct copy of the Notice to Vacate and proof of

service is attached as **Exhibit "B"** hereto). After the notice period expired, a Complaint for Unlawful Detainer was filed in state court on 03/05/2010 (a true and correct copy of the Complaint is attached as **Exhibit "C"** hereto). A Judgment against the debtor was entered on 03/29/2010 (a true and correct copy is attached as **Exhibit "D"** hereto), and a Writ of Possession was issued on 04/07/2010 (a true and correct copy is attached as **Exhibit "E"** hereto). The Debtor filed the within Bankruptcy case on 04/16/2010. Movant seeks relief from stay to finalize its Unlawful Detainer proceedings and to obtain possession of the Property.

## I.

## CAUSE EXISTS FOR RELIEF FROM STAY

Pursuant to 11 U.S.C. §362(c), the automatic stay applies only to property of the Estate, which is defined by 11 U.S.C. §541(a)(1) as ". . . all legal or equitable interests of the debtor in property <u>as of the commencement of the case</u>" (emphasis added). The Property was sold at a foreclosure sale held on 02/08/2010, a Notice to Vacate as posted on the Property on 02/26/2010, and the notice periods under applicable law expired, all <u>prior</u> to the filing of this Bankruptcy case. Accordingly, the Debtor's legal and equitable rights to occupy the Property had already been terminated **<u>as of the Petition date</u>**, the Property does not constitute a portion of Debtor's Bankruptcy Estate, and no Stay is applicable with respect thereto.

## II.

## THIS CASE IS NOT FILED IN GOOD FAITH

This is the second Bankruptcy case affecting this Property.

**(1)** Debtor filed the first Chapter 13 case number 10-42585 on 03/10/2010, which case was dismissed on 04/05/2010 (a true and correct copy of the Docket is attached as **Exhibit "F"** hereto).

**(2)** Debtor filed this case on 04/16/2010.

Bankruptcy Code §362(d)(4) provides that if the Court deems a case to be part of a scheme to delay, hinder, and defraud creditors involving multiple bankruptcy filings affecting real property,

the Court may grant <u>in rem</u> relief from stay that is binding in any other cases affecting the property. Movant believes that the multiple bankruptcy cases filed with respect to the Property evidence such a scheme, and warrant the granting of <u>in rem</u> relief from stay.

WHEREFORE, Movant requests an order of the Court as follows:

1. For relief from the automatic stay imposed by 11 U.S.C. §362(a) with respect to the real property at 392 WENTWORTH CT, BRENTWOOD, CA 94513.

2. That Movant may proceed with all available State law remedies to recover possession of the Property, including without limitation the commencement and/or continuation of unlawful detainer proceedings, and the disposal of any personal property remaining in the Property in accordance with California law, and the Sheriff is authorized to evict the Debtor and all other occupants from the Property, without further notice, hearing, or court order.

3. That the waiting period under Bankruptcy Rule 4001(a)(3) is waived.

4. That the Order be binding in any pending and subsequent Bankruptcy cases filed by Debtor(s), or either of them, and any other occupant of the Property, irrespective of the Chapter and/or any conversion thereof.

5. That relief be granted under 11 U.S.C. §362(d)(4), and the Order be binding in any pending and subsequent Bankruptcy cases filed by anyone claiming an interest in the Property, no matter who the debtors may be, on the basis that the petition was filed as part of a scheme to delay, hinder, and defraud creditors involving multiple bankruptcy filings affecting the Property.

DATED: April 20, 2010    ROBERT J. JACKSON & ASSOCIATES, INC.

By:    */s/ Joey DeLeon*    .
    Joey DeLeon, Esq.
    Attorney for Movant